## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NEAL TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  1:22-cv-6-TFM-B |
| | ) | |
| McCLENNEY MOSELEY & | ) | |
| ASSOCIATES, PLLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### TEMPORARY RESTRAINING ORDER

This matter is before the Court on the Plaintiff's Motion for Temporary Restraining Order (Doc. 19), the Motion to Reconsider (Doc. 27), and the Supplemental Brief (Doc. 29).  The Court notes that Plaintiff's counsel has certified that, on January 24, 2022, he emailed a copy of the motion and its exhibits to Defendant Adam T. Walton, as well as the individuals who presently represent the remaining defendants, McClenny, Moseley & Associates, PLLC ("MMA"), James M. McClenny, and John Z. Moseley.  (Docs. 24, 30).  Accordingly, it appears that all of the Defendants in this action have notice of this action and the motions.

After considering the Plaintiff's Motion for Temporary Restraining Order and its supporting declaration and exhibits, as supplemented, the Court finds that Plaintiff has established (1) a substantial likelihood of success on the merits; (2) irreparable injury in the form of the loss of Plaintiff's clients and goodwill will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing parties; and (4) if issued, the injunction would not be adverse to the public interest. Therefore, the Court finds that Plaintiff's Motion for Temporary Restraining Order (Doc. 19) and Motion to Reconsider (Doc. 27) are **GRANTED**.

After reviewing the specific temporary relief sought by the Plaintiff, the Court finds it appropriate to grant the following and hereby **ORDERS** as follows:

1.     By no later than 8:30 a.m. on Thursday, January 27, 2022, Defendant MMA shall electronically transmit to Plaintiff the entire files belonging to clients who have instructed MMA to send said files to Townsend.

2.     Each Defendant is hereby enjoined from communicating regarding the subject of representation with clients who have executed engagement agreements with Plaintiff or have otherwise informed Defendant MMA in writing that the clients have selected Plaintiff to be their counsel.

3.     Each Defendant is further enjoined from doing any of the following concerning Defendant MMA's former representation of clients (as defined and specified below):

(a)     making any misrepresentation of fact or law to any clients who have executed engagement agreements with Plaintiff or have otherwise informed Defendant MMA in writing that the clients have selected Plaintiff to be their counsel;

(b)     participating in any false, fraudulent, misleading, deceptive, or unfair communication with any clients who have executed engagement agreements with Plaintiff or have otherwise informed Defendant MMA in writing that the clients have selected Plaintiff to be their counsel; and

(c)     participating in any communications with said clients that constitute coercion, duress, fraud, overreaching, harassment, intimidation, or undue influence.

4.     Each Defendant is further enjoined from communicating any of the following to any clients who have executed engagement agreements with Plaintiff or have otherwise informed Defendant MMA in writing that the clients have selected Plaintiff to be their counsel:

(a)      that any of said clients will owe Defendant MMA a contingency fee if they are represented by Townsend; and

(b)      that Defendant MMA will assert an attorneys' lien on any such client's recovery if they are represented by Townsend.

With respect to Paragraph 1 above, the Court's decision is further based on the finding that client files belong to the clients and the Rules of Professional Conduct require attorneys and law firms to promptly comply with client instructions to send files to clients or their designated representatives, including their new choice of counsel.

With respect to Paragraphs 2 and 3, the Court's decision is further based on the findings that the relief merely enjoins attorneys and law firms from doing that which the *Rules of Professional Conduct* already prohibit, and that any such communications would cause irreparable harm as set forth above.

With respect to Paragraph 4, the Court's decision is further based on the findings that the specified communications would interfere with the clients' rights to choose their own counsel and the clients' relationships with their new counsel.  Furthermore, the temporary relief provided in Paragraph 4 does not unduly prejudice Defendant MMA because said relief does not prohibit Defendant MMA from trying in the future to collect any fees or expenses that Defendant MMA believes in good faith it is owed.

The Court **FURTHER ORDERS** that a preliminary injunction hearing will be held at **10:00 a.m. on February 9, 2022**, in Courtroom 3B, United States Courthouse, Mobile, Alabama. Plaintiff shall be required to post bond in the amount of **$1,500.00**.

The Court **FURTHER ORDERS** that the Plaintiff's Motion for Expedited Discovery (Doc. 19) included with Plaintiff's TRO motion is hereby **REFERRED** to the Magistrate Judge.

The Clerk is hereby **ORDERED** to send a copy of this Order by both regular mail and electronic mail to the following parties:

> **McClenny, Moseley & Associates, PLLC**
> c/o CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201
> Messages@mma-pllc.com
>
> **James M. McClenny**
> 1415 Louisiana Street, Suite 2900
> Houston, Texas 77002
> james@mma-pllc.com
>
> **John Z. Moseley**
> 1415 Louisiana Street, Suite 2900
> Houston, Texas 77002
> zach@mma-pllc.com
>
> **Adam T. Walton**
> 607 West 3rd Street, Suite 2500
> Austin, Texas 78701
> awalton@dickinson-wright.com

Plaintiff's counsel is **ORDERED** to email copies of this Order to the individuals listed in Doc. 24.

This Temporary Restraining Order shall automatically expire at 11:59 p.m. on the February 9, 2022 unless otherwise extended by the Court.

Additionally, the Virtual Conference previously scheduled for Friday, January 28, 2022 at 10:00 a.m. remains scheduled.

**DONE** and **ORDERED** this 26th day of January 2022.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE