# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NEAL TOWNSEND, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civ. Act. No.: 22-cv-00006-TFM-B |
| ) | |
| McCLENNY, MOSELEY & ) | |
| ASSOCIATES PLLC, JAMES M. ) | |
| McCLENNY, JOHN Z. MOSELEY ) | |
| and ADAM T. WALTON, ) | |
| ) | |
|     Defendants/Counterclaim ) | |
|     and Third-Party Plaintiffs ) | |
| ) | |
| v.. ) | |
| ) | |
| NEAL TOWNSEND, TOWNSEND LAW ) | |
| LLC, DANIEL SANDERS and LAW ) | |
| OFFICES OF DANIEL R. SANDERS LLC, ) | |
| ) | |
|     Counterclaim and Third-Party ) | |
|     Defendants. ) | |

## **ORDER**

Pending before the Court is the *Joint Motion to Dismiss Neal Townsend, Townsend Law, LLC, McClenny, Mosesley & Associates PLLC, James M. McClenny, and John Z. Moseley* (Doc. 164, filed December 9, 2022). The parties move this Court, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss all claims between and among McClenny, Moseley & Associates ("MMA"), James M. Clenny, John Z. Moseley (collectively "MMA Parties"), and Neal Townsend and Townsend Law, LLC (collectively, Townsend Parties"). The Parties note that MMA does not move to dismiss its claims against Daniel R. Sanders and the Law Offices of Daniel R. Sanders LLC (collectively "Sanders Claims"). The Sanders Claims have been stayed pending resolution by arbitration. *See* Doc. 138.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

Admittedly, caselaw on dismissals under Rule 41(a) for only portions of a case (claims or parties) has become increasingly muddled and hinges on the definition of "an action" as used in the rule.

In *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), the Eleventh Circuit held that Fed. R. Civ. P. 41(a)(1) was not the appropriate mechanism for dismissal fewer than all claims asserted in a lawsuit. In doing so, it noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." *Id*. "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit - e.g., a particular claim - while leaving a different part of the lawsuit pending before the trial court." *Id*. (emphasis in original). However, the *Perry* court did not address whether Rule 41(a)(1) applies to the dismissal of less than all defendants of a lawsuit. This has resulted in quite the split between various district courts within the Circuit. *Compare Jackson v. Equifax Servs., LLC*, Civ. Act. No. 119-096, 2020 U.S. Dist. LEXIS 14991, 2020 WL 476698 (S.D. Ga. Jan. 29, 2020) *with Walker v. TransUnion LLC*, Civ. Act. No. 1:19-cv-85-MHT, 2019 U.S. Dist. LEXIS 50697, 2019 WL 1283440 (M.D. Ala. Mar. 20, 2019). In fact, some district courts in this circuit have held that *Perry* now means that Rule 41 is not the proper vehicle for dismissal a single party. *See, e.g. McCrimager v. Roberson*, Civ. Act. No. 4:18-cv-179-WS/MJF, 2019 U.S. Dist. LEXIS 150509, *2, 2019 WL 4170190, *1 (N.D. Fla. July 29,

2019); *Collins v. United of Omaha Life Ins. Co.*, Civ. Act. No. 6:21-cv-142-JA, 2021 U.S. Dist. LEXIS 28731 (M.D. Fla. Feb. 16, 2021).  Rather, these courts indicate that the procedural path to effectuate the dismissal of a single defendant in a multiple defendant case is to utilize Fed. R. Civ. P. 15(a).

As *Perry* did not provide clarity on dismissing "an action" against only "one defendant of several," the Court must look elsewhere.  Ultimately, the Court finds that *Perry* did not explicitly overrule longstanding precedent that the Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

Nothing about *Perry* makes it clear that it is overruling longstanding precedent in *Plain Growers* and *Klay*.  Furthermore, requiring an amended complaint under Rule 15 does not provide the certainty of a dismissal with prejudice that the parties request.  It leaves open ambiguity in dropping a defendant and whether a plaintiff may later reinstitute the action against that same defendant.  In short, parties that request a with prejudice dismissal should receive the certainty in outcome they request.

In sum, the Court finds it may still dismiss <u>all</u> claims against a <u>single</u> defendant in a multi-defendant action under Fed. R. Civ. P. 41(a)(2) when requested by a plaintiff.  *See, e.g., Nat'l City*

*Golf Fin. v. Scott*, 899 F.3d 412, 415 n.3 (5th Cir. 2018) ("Rule 41(a) permits a plaintiff to dismiss just one defendant, 'even though the action against another defendant would remain pending.'") (quoting *Plains Growers*, 474 F.2d at 253); *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662-63 (5th Cir. 1979) (distinguishing between impermissible Rule 41(a) dismissals of individual claims and permissible Rule 41(a) dismissals of individual defendants); 9 Wright & Miller, Federal Practice & Procedure § 2362 (3d ed. Apr. 2018 update) (spotting a circuit split on this question but calling this interpretation "the sounder view").

The parties seemingly recognized this quandary when they filed their joint motion as they filed it pursuant to Rule 41(a)(2). The Court finds the motion is well taken and based on the above, the motion (Doc. 164) is **GRANTED**. The claims and counterclaims/cross claims in this case between and among the MMA Parties and the Townsend Parties are **DISMISSED with prejudice** with each party to bear their own attorneys' fees and costs.

The claims between the MMA Parties and the Sanders Parties remain pending but also stayed pending resolution by arbitration. *See* Doc. 138. In accordance with that order, the MMA parties and Sanders Parties are reminded to file a joint notice with the Court within seven (7) days of completion of arbitration.

Further, given that the arbitration has an undefined timeline, the Clerk of Court is **DIRECTED** to administratively close this case.

**DONE** and **ORDERED** this the 12th day of December 2022.

                                       s/Terry F. Moorer
                                       TERRY F. MOORER
                                       UNITED STATES DISTRICT JUDGE